LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RICARDO BARCENAS, and
JOHN DOE,
*on behalf of themselves, FLSA Collective Plaintiffs and the Class,*

      Plaintiffs,

      v.

EATALY NY FIDI, LLC
    d/b/a EATALY NYC DOWNTOWN,
EATALY NY LLC,
    d/b/a EATALY NYC FLATIRON,
B & B HOSPITALITY GROUP LLC,
EATALY AMERICA, INC.,
ALEX SAPER, ADAM SAPER, JOE BASTIANICH,
LIDIA BASTIANICH, MARIO BATALI,
OSCAR FARINETTI, and NATALE FARINETTI,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, RICARDO BARCENAS and JOHN DOE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this class and collective action Complaint against Defendants, EATALY NY

1

FIDI, LLC d/b/a EATALY NYC DOWNTOWN, EATALY NY LLC d/b/a EATALY NYC FLATIRON, B & B HOSPITALITY GROUP LLC, EATALY AMERICA, INC., (the "Corporate Defendants"), ALEX SAPER, ADAM SAPER, JOE BASTIANICH, LIDIA BASTIANICH, MARIO BATALI, OSCAR FARINETTI, and NATALE FARINETTI (together "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wages due to an invalid tip credit, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages due to an invalid tip credit, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, RICARDO BARCENAS, is a resident of Queens County, New York.

2

6. EATALY NY FIDI, LLC d/b/a EATALY NYC DOWNTOWN is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 43 West 23rd Street, 7th Floor, New York, New York 10010, and a principal place of business located at 4 World Trade Center, 101 Liberty Street, Floor 3, New York, New York 10007. ALEX SAPER, ADAM SAPER, and OSCAR FARINETTI are the Principals of EATALY NY FIDI, LLC.

7. EATALY NY LLC, d/b/a EATALY NYC FLATIRON is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 43 West 23rd Street, 7th Floor, New York, New York 10010, and a principal place of business located at 200 5th Ave, New York, New York 10010. ALEX SAPER, ADAM SAPER and OSCAR FARINETTI are the principals of EATALY NY LLC.

8. B & B HOSPITALITY GROUP LLC is a domestic limited liability company organized under the laws of the State of New York, with principal place of business and an address for service of process located at 45 E 20th Street, 3rd Floor, New York, New York 10003. JOE BASTIANICH, LIDIA BASTIANICH and MARIO BATALI are the principals of of B & B HOSPITALITY GROUP LLC.

9. EATALY AMERICA, INC. is a domestic business corporation with a principal Executive Office and address for service of process located at 444 Madison Avenue, New York, New York, 10022. NATALE FARINETTI is the Chief Executive Officer.

10. The Defendants operate twelve Eataly restaurants and four cafes as a single integrated enterprise, with locations at the following two addresses:

(a)     4 World Trade Center, 101 Liberty Street, Floor 3, New York, New York 10007 ("Liberty Street location.");

    (i) Restaurants

        1. I Panini E Le Ciabatte

        2. La Pasticceria

        3. La Rosticceria

        4. Le Insalate

        5. La Piadina

        6. La Gastonomia

    (ii) Cafes

        1. Caffe Lavazza

        2. L'Espresso

(b)     200 5th Ave, New York, New York 10010, and a principal place of business located at 200 5th Ave, New York, New York 10010 ("5th Avenue location.");

    (i) Restaurants

        1. Il Pesce

        2. Le Verdure

        3. Birreria

        4. Pranzo

        5. La Piazza

        6. La Pizza & La Pasta

        7. Manzo

      (ii) Cafes

         1. Lavazza

         2. Vergnano

collectively, the Eataly restaurants and cafes.

    The twelve Eataly restaurants and four Eataly cafes are operated by Defendants as a single integrated enterprise due to the following factors: They share common ownershop, serve Italian themed food, and operate on either the Liberty Street or 5th Avenue locations. The "Eataly Employee Orientation Binder" (see Exhibit A) refferences all twelve restaurants and four cafes and contains information about "Multi-site work." Merchandise and empoyees are interchangable among the twelve Eataly restaurants.

      11.    (i) Each of Individual Defendants, ALEX SAPER, ADAM SAPER. JOE BASTIANICH, LIDIA BASTIANICH, MARIO BATALI, OSCAR FARINETTI and NATALE FARINETTI, has operational control of the Eataly restaurants and cafes. They each exercise the power to (and also delegate to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs and the Class at each of the restaurant locations. At all times, employees could complain to each of the Individual Defendants directly regarding any of the terms of their employment, and each of the Individual Defendants has the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.  Each of the Individual Defendants regularly visits

each of the Eataly restaurants and cafes and they directly reprimand any employee who does not perform their duties correctly.

(ii) Each of the Individual Defendants additionally has the power to fire and hire, supervise and control work schedules and conditions of employment, and determine rate and method of pay of managerial employees who directly supervise Plaintiffs, FLSA Collective Plaintiffs and the Class. Each of the Individual Defendants exercises functional control over the business and financial operations of all Corporate Defendants. They ensure that employees properly prepare food and effectively serve and cater to customers to ensure that the Eataly restaurants and cafes are operating efficiently and profitably.

12. At all relevant times, the Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, delivery persons, waiters, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans,

6

programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiffs and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay their minimum wages due to invalid tip credit. With respect to tipped employees, including Plaintiffs RICARDO BARCENAS and JOHN DOE ("Tipped Class" or "Class"), Defendants were not entitled to take any tip credits under the FLSA, because they caused tipped employees to engage at least 20% of their working hours in non-tipped activities.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, delivery persons, waiters, runners, bussers, porters, and bar tenders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class or Tipped Class" The Class members are readily ascertainable. The number and identity of

7

the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage in compliance with the requirements of the New York Labor Law. With respect to tipped employees, including Plaintiffs RICARDO BARCENAS and JOHN DOE ("Tipped Class" or "CLASS"), Defendants were not entitled to take any tip credits under the New York Labor Law because they caused tipped employees to engage at least 20% of their working hours in non-tipped activities. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

8

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of

common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

   c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

   d) Whether Defendants provided proper wage statements informing (i) tipped employees of the amount of tip credit taken for each payment period and their proper overtime rate of compensation and (ii) all non-

  exempt employees information required to be provided on wage statements as required under the New York Labor Law;

e) Whether Defendants caused members of the Tipped Class to engage in non-tipped duties exceeding 20% of each workday;

g) Whether Defendants maintained daily records of tips on behalf of tipped employees;

h) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

## STATEMENT OF FACTS

23. Plaintiff, RICARDO BARCENAS:

(i) On or about April 15th 2017, Plaintiff RICARDO BARCENAS was hired by Defendants to work as a waiter at La Pizza & La Pasta for Defendants at the Liberty Street location. At the start of his employment, he was trained for two or three days at the 5th Avenue location's La Pizza & La Pasta. Throughout Plaintiff RICARDO BARCENA's employment, he has seen many persons regularly working at multiple Eataly restaurants and cafes. Plaintiff RICARDO BARCENAS's employment was terminated on or about June 27th, 2017, by Defendants.

(ii) During his employment Plaintiff RICARDO BARCENAS had a regular weekly work schedule of 3:00 p.m to 11:30 p.m five (5) days per week. During his entire employment, Plaintiff RICARDO BARCENAS was paid a base hourly rate of $7.50 for all hours worked. At all times, Plaintiff RICARDO BARCENAS was a tipped employee.

24. Plaintiff RICARDO BARCENAS and the Tipped Class were required to engage more than half of their working time in non-tipped related activities such as washing, drying and polishing silverware, rolling 100 napkins in silverware, stocking wine inventory, cleaning the restaurant, packing food for delivery, storing clean dishes, and other non-tip related activities.

25. Defendants unlawfully failed to pay the Plaintiffs, the FLSA Collective Plaintiffs and members of the Class the Federal and State minimum wage for all hours worked.

26. For the hours that Defendants did pay Plaintiff, Defendants paid members of the Tipped Subclass the "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants, however, were not entitled to take any tip credits under the FLSA or NYLL, because they caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL, rendering the tip credit invalid in violation of the FLSA and NYLL.

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs, FLSA Collective Plaintiffs and Class members (tipped employees).

28. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

29. Plaintiffs reallege and reaver Paragraphs 1 through 28 of this class and collective action Complaint as if fully set forth herein.

30. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

31. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

32. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

33. Defendants willfully violated Plaintiffs' and FLSA Collective Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked. With respect to this Tipped Class, Defendants were not entitled to take any tip credits under the FLSA, because they failed to properly provide notice to all tipped employees that Defendants were taking a tip credit.

34. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

35. Defendants failed to properly disclose or apprise Plaintiffs and FLSA

Collective Plaintiffs of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, plus an equal amount as liquidated damages.

38. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

40. Plaintiffs reallege and reaver Paragraphs 1 through 39 of this class and collective action Complaint as if fully set forth herein.

41. At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

42. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.  With respect to this Tipped Class, Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL and (iv) failed

14

to maintain daily records of tips on behalf of tipped employees.

43. With respect to the Tipped Class, Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never included in any wage statements to tipped employees and Defendants failed to disclose the proper overtime rate of pay.

44. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid minimum wage, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage pursuant to 29 U.S.C. § 216;

e.  An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

f.  Designation of Plaintiffs as a Representatives of the FLSA Collective Plaintiffs;

g.  Designation of this action as a class action pursuant to F.R.C.P. 23;

h.  Designation of Plaintiffs as a Representatives of Class; and

i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: September 5, 2017

                Respectfully submitted,

                LEE LITIGATION GROUP, PLLC
                C.K. Lee (CL 4086)
                Anne Seelig (AS 3976)
                30 East 39th Street, Second Floor
                New York, NY 10016
                Tel.: 212-465-1188
                Fax: 212-465-1181
                *Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

        By:  */s/ C.K. Lee*
                C.K. Lee, Esq.